UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY GILL & MARCELLE LETOURNEAU, ) <br> MARTIN KOSKI & JAMES FITZGERALD, ) <br> DEAN HARA, ) <br> MARY RITCHIE & KATHLEEN BUSH, ) <br> MELBA ABREU & BEATRICE HERNANDEZ, ) <br> MARLIN NABORS & JONATHAN KNIGHT, ) <br> MARY BOWE-SHULMAN & ) <br> DORENE BOWE-SHULMAN, ) <br> JO ANN WHITEHEAD & BETTE JO GREEN, ) <br> RANDELL LEWIS-KENDELL, and ) <br> HERBERT BURTIS, ) <br>    ) <br>     Plaintiffs, ) <br>    ) <br> v. ) <br>    ) <br> OFFICE OF PERSONNEL MANAGEMENT, ) <br> UNITED STATES POSTAL SERVICE, ) <br> JOHN E. POTTER, in his official capacity as ) <br> the Postmaster General of the United States of ) <br> America, ) <br> MICHAEL J. ASTRUE, in his official capacity ) <br> as the Commissioner of the Social Security ) <br> Administration, ) <br> ERIC H. HOLDER JR., in his official capacity ) <br> as the United States Attorney General, and ) <br> THE UNITED STATES OF AMERICA, ) <br>     Defendants. ) <br>    ) | CIVIL ACTION <br> NO. 1:09-cv-10309 |

<u>PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL
RULE 56.1 IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT</u>

Plaintiffs hereby submit the following Statement Of Undisputed Facts with references to supporting evidence.

| | UNDISPUTED FACTS | EVIDENCE |
|---|---|---|
| 1. | Plaintiffs are or were until the deaths of their spouses validly married pursuant to Massachusetts law to a person of the same sex. | Gill & Letourneau Aff. ¶ 1.<br>Koski & Fitzgerald Aff. ¶ 1.<br>Hara Aff. ¶¶ 9-10.<br>Ritchie & Bush Aff. ¶ 2.<br>Abreu & Hernandez Aff. ¶ 1.<br>Nabors & Knight Aff. ¶ 3.<br>Bowe-Shulman Aff. ¶ 1.<br>Whitehead & Green Aff. ¶ 2.<br>Lewis-Kendell Aff. ¶¶ 2-4.<br>Burtis Aff. ¶¶ 12, 15.<br>Memorandum in Support of Motion to Dismiss at 1. |
| 2. | Plaintiffs have all applied for and been denied federal benefits/ protections or sought to file federal income tax returns based on their married status and been denied because of DOMA, 1 U.S.C. § 7. | Gill & Letourneau Aff. ¶ 7, 22.<br>Koski & Fitzgerald Aff. ¶ 8.<br>Hara Aff. ¶¶ 18, 21.<br>Ritchie & Bush Aff. ¶¶ 13-17<br>Abreu & Hernandez Aff. ¶¶ 14.<br>Nabors & Knight Aff. ¶¶ 17-23.<br>Bowe-Shulman Aff. ¶ 20.<br>Whitehead & Green Aff. ¶ 18.<br>Lewis-Kendell Aff. ¶ 19.<br>Burtis Aff. ¶ 18. |

### 1. Nancy Gill and Marcelle Letourneau

| | | |
|---|---|---|
| 3. | Plaintiffs Nancy Gill and Marcelle Letourneau have been validly married under Massachusetts law since May 21, 2004. | Gill and Letourneau Aff. ¶ 1. |
| 4. | Plaintiff Gill has been an employee of the U.S. Postal Service for 22 years and is enrolled in the Federal Employees Health Benefits Program ("FEHB"). | Gill and Letourneau Aff. ¶ 3. |

| | | |
|---|---|---|
| 5. | After Plaintiffs Gill and Letourneau married, Plaintiff Gill applied to have Plaintiff Letourneau added to her "Self and Family" health plan under the FEHB Program. | Gill and Letourneau Aff. ¶ 7. |
| 6. | The U.S. Postal Service denied Plaintiff Gill's application to add Plaintiff Letourneau to her "Self and Family" health plan under the FEHB Program because of DOMA, 1 U.S.C. § 7. | Gill and Letourneau Aff. ¶ 7. |
| 7. | Because Plaintiff Letourneau was not added to Plaintiff Gill's "Self and Family" plan, Plaintiff Letourneau purchased health insurance at additional cost. | Gill and Letourneau Aff. ¶¶ 17-18. |
| 8. | After Plaintiffs Gill and Letourneau married, Plaintiff Gill applied to have Plaintiff Letourneau added to her vision benefit plan ("FEDVIP"). | Gill and Letourneau Aff. ¶ 19. |
| 9. | The U.S. Postal Service denied Plaintiff Gill's application to add Plaintiff Letourneau to her vision benefit plan (FEDVIP) because of DOMA, 1 U.S.C. § 7. | Gill and Letourneau Aff. ¶ 22. |
| 10. | After Plaintiffs Gill and Letourneau married, Plaintiff Gill applied to have Plaintiff Letourneau added to her flexible spending account. | Gill and Letourneau Aff. ¶ 19. |
| 11. | The U.S. Postal Service denied Plaintiff Gill's application to add Plaintiff Letourneau to her flexible spending account because of DOMA, 1 U.S.C. § 7. | Gill and Letourneau Aff. ¶ 22. |

### 2. Martin Koski and James Fitzgerald

| | |
|---|---|
| 12. Plaintiffs Martin Koski and James Fitzgerald have been validly married under Massachusetts law since September 10, 2007. | Koski and Fitzgerald Aff. ¶ 1. |
| 13. Plaintiff Koski worked for the Social Security Administration for 21 years before retiring in 2005. He is enrolled in the FEHB Program. | Koski and Fitzgerald Aff. ¶¶ 3,7. |
| 14. Plaintiff Fitzgerald is 58 and suffers from severe asthma. | Koski and Fitzgerald Aff. ¶ 6. |
| 15. After Plaintiffs Koski and Fitzgerald married, Plaintiff Koski applied to enroll Plaintiff Fitzgerald in Plaintiff Koski's FEHB health plan by changing his enrollment from "Self Only" to "Self and Family." | Koski and Fitzgerald Aff. ¶ 8. |
| 16. The Office of Personnel Management ("OPM") denied Plaintiff Koski's application to change his enrollment from "Self Only" to "Self and Family" and to enroll Plaintiff Fitzgerald because of DOMA, 1 U.S.C. § 7. | Koski and Fitzgerald Aff. ¶ 8. |
| 17. Because Plaintiff Fitzgerald was not added to Plaintiff Koski's FEHB health plan, Plaintiff Fitzgerald obtains health insurance through his employer. | Koski and Fitzgerald Aff. ¶ 10. |
| 18. Plaintiffs Koski and Fitzgerald have paid more in premiums, co-pays and prescription costs than they would have paid if Plaintiff Fitzgerald had been covered under Plaintiff Koski's FEHB health plan. | Koski and Fitzgerald Aff. ¶¶ 10-11. |

### 3.     Dean Hara

| | |
|---|---|
| 19. Plaintiff Dean Hara and Gerry Studds were validly married under Massachusetts law from May 24, 2004 until Studds' death on October 14, 2006. | Hara Aff. ¶¶ 9-10. |
| 20. Gerry Studds was a U.S. Representative for Massachusetts and a federal employee until his retirement in 1997. | Hara Aff. ¶¶ 2-3. |
| 21. After Studds' death, Plaintiff Hara applied for the Social Security lump-sum death benefit available to surviving spouses. | Hara Aff. ¶ 18; http://www.ssa.gov/pubs/deathbenefits.htm (stating, "A one-time payment of $255 is payable to the surviving spouse if he or she was living with the beneficiary at the time of death, OR if living apart, was eligible for Social Security benefits on the beneficiary's earnings record for the month of death.") |
| 22. The Social Security Administration ("SSA") denied Plaintiff Hara's claim for the Social Security lump-sum death benefit available to surviving spouses because of DOMA, 1 U.S.C. § 7. | Hara Aff. ¶ 18. |
| 23. After Studds' death, Plaintiff Hara applied for federal health insurance benefits as the surviving spouse of a federal employee. | Hara Aff. ¶ 21. |
| 24. OPM denied Plaintiff Hara's application for federal health insurance benefits as the surviving spouse of a federal employee. | Hara Aff. ¶ 21 & Ex. A. |

| | |
|---|---|
| 25. Because Plaintiff Hara has not been able to obtain federal health insurance as a surviving spouse of a federal employee, he has paid more for health insurance premiums in the three years since Congressman Studds' death than he otherwise would have. | Hara Aff. ¶ 22. |

### 4. Mary Ritchie and Kathleen Bush

| | |
|---|---|
| 26. Plaintiffs Mary Ritchie and Kathleen Bush have been validly married under Massachusetts law since May 22, 2004. | Ritchie and Bush Aff. ¶ 22. |
| 27. For the years 2004, 2005, 2006, 2007 and 2008 Plaintiff Ritchie filed federal income tax returns as Head of Household and paid federal income taxes, claiming Plaintiff Bush as her dependent rather than her spouse. | Ritchie and Bush Aff. ¶ 11. |
| 28. Plaintiffs Ritchie and Bush submitted amended federal income tax returns for the years 2004, 2005, 2006, 2007 and 2008, requesting refunds based upon the difference between what Plaintiff Ritchie paid as a Head of Household filer and what she and Plaintiff Bush would have paid as Married Filing Jointly filers. | Ritchie and Bush Aff. ¶¶ 12-13. |
| 29. The IRS denied Plaintiffs Ritchie and Bush's 2004, 2005, 2006 and 2007 refund requests because of DOMA, 1 U.S.C. § 7. | Ritchie and Bush Aff. ¶ 17. |
| 30. The IRS must deny Plaintiffs Ritchie and Bush's 2008 refund request because of DOMA, 1 U.S.C. § 7. | 1 U.S.C. § 7. |

| | |
|---|---|
| 31. Because Plaintiffs Ritchie and Bush cannot file federal income tax returns as Married Filing Jointly, to date they have paid a total of $19,066 more in federal income taxes than they would have paid had they not been barred by DOMA from filing as Married Filing Jointly. | Ritchie and Bush Aff. ¶ 19. |

### 5.   Melba Abreu and Beatrice Hernandez

| | |
|---|---|
| 32. Plaintiffs Melba Abreu and Beatrice Hernandez have been validly married under Massachusetts law since May 20, 2004. | Abreu and Hernandez Aff. ¶ 1. |
| 33. For the years 2004, 2005, 2006, 2007 and 2008 Plaintiff Abreu filed federal income tax returns as Single and paid federal income taxes.  Plaintiff Hernandez did not have sufficient income to have to file federal income tax returns. | Abreu and Hernandez Aff. ¶ 9-10. |
| 34. Plaintiffs Abreu and Hernandez submitted amended federal income tax returns for the years 2004, 2005, 2006, 2007 and 2008 requesting refunds based upon the difference between what Plaintiff Abreu paid as a Single filer and what she and Plaintiff Hernandez would have paid as Married Filing Jointly filers. | Abreu and Hernandez Aff. ¶¶ 11-13. |
| 35. The IRS denied Plaintiffs Abreu and Hernandez's 2004, 2005, 2006 and 2007 refund requests because of DOMA, 1 U.S.C. § 7. | Abreu and Hernandez Aff. ¶ 14. |
| 36. The IRS must deny Plaintiffs Abreu and Hernandez's 2008 refund request because of DOMA, 1 U.S.C. § 7. | 1 U.S.C. § 7. |
| 37. Because Plaintiffs Abreu and Hernandez cannot file federal income | Abreu and Hernandez Aff. ¶ 15. |

| | |
|---|---|
| tax returns as Married Filing Jointly, to date they have paid a total of $25,359 more in federal income taxes than they would have paid had they not been barred by DOMA from filing as Married Filing Jointly. | |

### 6.  Marlin Nabors and Jonathan Knight

| | |
|---|---|
| 38. Plaintiffs Marlin Nabors and Jonathan Knight have been validly married under Massachusetts law since October 26, 2006. | Nabors and Knight Aff. ¶ 3. |
| 39. For the years 2006, 2007 and 2008 Plaintiffs Nabors and Knight each filed federal income tax returns and paid federal income taxes as Single. | Nabors and Knight Aff. ¶ 11-12. |
| 40. For the years 2006, 2007 and 2008 Plaintiffs Nabors and Knight submitted amended federal income tax returns requesting refunds based upon the difference between what they each paid as Single filers and what they would have paid as Married Filing Jointly filers. | Nabors and Knight Aff. ¶¶ 12-13. |
| 41. The IRS denied Plaintiffs Nabors and Knight's 2006 and 2007 refund requests because of DOMA, 1 U.S.C. § 7. | Nabors and Knight Aff. ¶¶ 17-23. |
| 42. The IRS must deny Plaintiffs Nabors and Knight's 2008 refund request because of DOMA, 1 U.S.C. § 7. | 1 U.S.C. § 7. |
| 43. Because Plaintiffs Nabors and Knight cannot file federal income tax returns as Married Filing Jointly, to date they have paid a total of $2,894 more in federal income taxes than they would have paid had they not been barred by DOMA from filing as Married Filing Jointly. | Nabors and Knight Aff. ¶¶ 9, 13. |

### 7.   **Mary and Dorene Bowe-Shulman**

| | |
|---|---|
| 44. Plaintiffs Mary and Dorene Bowe-Shulman have been validly married under Massachusetts law since May 23, 2004. | Bowe-Shulman Aff. ¶ 1. |
| 45. For the years 2004, 2005, 2006, 2007 and 2008 Plaintiff Mary Bowe-Shulman filed federal income tax returns and paid federal income taxes as Head of Household and Plaintiff Dorene Bowe-Shulman filed federal income tax returns and paid federal income taxes as Single. | Bowe-Shulman Aff. ¶¶ 13-14. |
| 46. Plaintiffs Mary and Dorene Bowe-Shulman submitted an amended federal income tax return for the year 2006 requesting a refund based upon the difference between their payments as Head of Household and Single filers and what they would have paid as Married Filing Jointly filers. | Bowe-Shulman Aff. ¶¶ 16-17. |
| 47. The IRS denied Plaintiffs Bowe-Shulman's 2006 refund request because of DOMA, 1 U.S.C. § 7. | Bowe-Shulman Aff. ¶ 20. |
| 48. Because Plaintiffs Bowe-Shulman cannot file federal income tax returns as Married Filing Jointly, they paid $3,332 more in federal income taxes for the 2006 year than they would have paid had they been allowed to file as Married Filing Jointly. | Bowe-Shulman Aff. ¶ 15. |

### 8.   **Jo Ann Whitehead and Bette Jo Green**

| | |
|---|---|
| 49. Plaintiffs Jo Ann Whitehead and Bette Jo Green have been validly married under Massachusetts law since June 7, 2004. | Green and Whitehead Aff. ¶ 2. |

| | | |
|---|---|---|
| 50. | In March 2008, Plaintiff Whitehead applied for the Social Security spousal benefit based upon Plaintiff Green's earnings record, which was substantially higher than Plaintiff Whitehead's. | Green and Whitehead Aff. ¶¶ 17, 18. |
| 51. | The SSA denied Plaintiff Whitehead's application for the spousal benefit based upon Plaintiff Green's earnings record because of DOMA, 1 U.S.C. § 7. | Green and Whitehead Aff. ¶ 18. |
| 52. | Because the SSA denied Plaintiff Whitehead's application for spousal benefits, she receives a lower monthly Social Security benefit than she otherwise would. | Green and Whitehead Aff. ¶ 12; http://www.ssa.gov/retire2/yourspouse.htm#drc (stating, "Even if he or she has never worked under Social Security, your spouse<br>　　*　　*　　*<br>• can receive a benefit equal to one-half of your full retirement amount if they start receiving benefits at their full retirement age.") |
| 53. | Because Plaintiff Whitehead cannot receive the Social Security spousal benefit based on Plaintiff Green's earnings record, she cannot delay her retirement based on her own earnings record until age 70, which would materially increase her Social Security payment starting then for the rest of her life. | Green and Whitehead Aff. ¶ 13; http://www.ssa.gov/retire2/yourspouse.htm#drc (stating, "**If your spouse has reached full retirement age** and is eligible for a spouse's benefit **and** his or her own retirement benefit, he or she has a choice. Your spouse can choose to receive only the spouse's benefit now and delay receiving retirement benefits until a later date. If retirement benefits are delayed, a higher benefit may be received at a later date based on the effect of delayed retirement credits.") |
| 54. | In contrast to a married couple of different sexes, whose family and economic partnership is supported by the social security laws, Plaintiffs Green and Whitehead face their senior years devoid of such support and reinforcement. They worry, for example, that if Plaintiff Green were | Green and Whitehead Aff. ¶¶ 15-16. |

|  |  |
|---|---|
| to predecease Plaintiff Whitehead, Plaintiff Whitehead would be ineligible for the survivor benefit and thus forced to live on a much smaller annual income than would be available to her had she married a man. |  |

### 9.     Randell Lewis-Kendell

| | |
|---|---|
| 55. Plaintiff Randell Lewis-Kendell and Robert Lewis-Kendell were validly married under Massachusetts law from May 21, 2004 until Robert Lewis-Kendell's death in November 2007. | Lewis-Kendell Aff. ¶¶ 3-4. |
| 56. After Robert Lewis-Kendell's death, Plaintiff Lewis-Kendell applied for the Social Security lump-sum death benefit available to surviving spouses. | Lewis-Kendell Aff. ¶¶ 17-18; http://www.ssa.gov/pubs/deathbenefits.htm (stating, "A one-time payment of $255 is payable to the surviving spouse if he or she was living with the beneficiary at the time of death, OR if living apart, was eligible for Social Security benefits on the beneficiary's earnings record for the month of death."). |
| 57. The SSA denied Plaintiff Lewis-Kendell's claim for the Social Security lump-sum death benefit available to surviving spouses because of DOMA, 1 U.S.C. § 7. | Lewis-Kendell Aff. ¶ 19. |
| 58. Because DOMA, 1 U.S.C. § 7, does not count his marriage for purposes of federal law, Plaintiff Lewis-Kendell has had to plan his retirement years without the financial security social security provides for married couples, which is in contrast to how he would be treated if he had married a woman. | Lewis-Kendell Aff. ¶¶ 22-24. |

### 10. Herbert Burtis

| | |
|---|---|
| 59. Plaintiff Herbert Burtis and John Ferris were validly married under Massachusetts law from May 23, 2004 until Ferris' death on August 1, 2008. | Burtis Aff. ¶ 12. |
| 60. After Ferris' death, Plaintiff Burtis applied for the Social Security lump-sum death benefit available to surviving spouses. | Burtis Aff. ¶ 17; http://www.ssa.gov/pubs/deathbenefits.htm (stating, "A one-time payment of $255 is payable to the surviving spouse if he or she was living with the beneficiary at the time of death, OR if living apart, was eligible for Social Security benefits on the beneficiary's earnings record for the month of death."). |
| 61. The SSA denied Plaintiff Burtis' claim for the Social Security lump-sum death benefit available to surviving spouses because of DOMA, 1 U.S.C. § 7. | Burtis Aff. ¶ 18. |
| 62. Upon Ferris' death, Plaintiff Burtis also applied for the Social Security survivor benefit based on the earnings record of John Ferris. | Burtis Aff. ¶ 17. |
| 63. The SSA denied Plaintiff Burtis' claim for the Social Security survivor benefit because of DOMA, 1 U.S.C. § 7. | Burtis Aff. ¶ 18. |
| 64. Because the SSA denied Plaintiff Burtis' application for survivor benefits, he receives Social Security benefits that are materially less than he otherwise would. | Burtis Aff. ¶ 17; http://www.ssa.gov/survivorplan/onyourown2.htm (stating, "Your widow or widower can receive<br><br>a. reduced benefits as early as age 60 or full benefits at full retirement age or older.); . . . .");<br><br>http://www.ssa.gov/survivorplan/onyourown5.htm (stating, "These are examples of benefit payments: |

|  | • Widow or widower, full retirement age or older--100 percent of your benefit amount; . . . ."). |
|---|---|

Respectfully submitted,

/s/  Gary D. Buseck
Gary D. Buseck

| | |
|---|---|
| GAY & LESBIAN ADVOCATES & DEFENDERS<br>Gary D. Buseck, BBO #067540<br>gbuseck@glad.org<br>Mary L. Bonauto, BBO #549967<br>mbonauto@glad.org<br>Nima R. Eshghi, BBO #633716<br>neshghi@glad.org<br>Janson Wu, BBO #609949<br>jwu@glad.org<br>Samuel P. Bickett (BBO# pending)<br>sbickett@glad.org<br>30 Winter Street, Suite 800<br>Boston, MA 02108<br>Telephone (617) 426-1350<br>Facsimile (617) 426-3594<br>*Attorneys for Plaintiffs* | FOLEY HOAG LLP<br>Claire Laporte, BBO #554979<br>claporte@foleyhoag.com<br>Vickie L. Henry, BBO #632367<br>vhenry@foleyhoag.com<br>Matthew Miller, BBO #655544<br>mmiller@foleyhoag.com<br>Amy Senier, BBO #672912<br>asenier@foleyhoag.com<br>Seaport World Trade Center West<br>155 Seaport Blvd.<br>Boston, MA 02210<br>Telephone (617) 832-1000<br>Facsimile (617) 832-7000<br>*Attorneys for Plaintiffs* |
| JENNER & BLOCK LLP<br>Paul M. Smith (pro hac vice)<br>psmith@jenner.com<br>Luke C. Platzer (of counsel)<br>lplatzer@jenner.com<br>Daniel I. Weiner (of counsel)<br>dweiner@jenner.com<br>Anna M. Baldwin (of counsel)<br>abaldwin@jenner.com<br>1099 New York Ave, NW, Suite 900<br>Washington, DC 20001<br>Telephone (202) 639-6060<br>Facsimile (202) 661-4948<br>*Attorneys for Plaintiffs* | SULLIVAN & WORCESTER LLP<br>David J. Nagle, BBO #638385<br>dnagle@sandw.com<br>Richard L. Jones, BBO #631273<br>rjones@sandw.com<br>One Post Office Square<br>Boston, MA 02109<br>Telephone (617) 338-2800<br>Facsimile (617) 338-2880<br>*Attorneys for Plaintiffs Mary Ritchie, Kathleen Bush, Melba Abreu, Beatrice Hernandez, Marlin Nabors, Jonathan Knight, Mary Bowe-Shulman, and Dorene Bowe-Shulman* |

DATED:  November 17, 2009

Certificate of Service

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 17, 2009.

      /s/  Gary D. Buseck
      Gary D. Buseck