# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NANCY GILL & MARCELLE LETOURNEAU, et al. | ) ) ) | |
| Plaintiffs, | ) ) | No. 1:09-cv-10309 JLT |
| v. | ) ) ) | |
| OFFICE OF PERSONNEL MANAGEMENT, et al. | ) ) ) | |
| Defendants. | ) ) | |

## OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendants' Motion to Stay Proceedings is based on a false premise – that by granting a stay of Plaintiffs' Motion for Summary Judgment, this Court will not have to address the proper standard of review for Plaintiffs' equal protection claims in deciding Defendants' Motion to Dismiss. To the contrary, the question of the correct standard of constitutional review – whether that is rational basis, as Defendants suggest, or a heightened level of review, as Plaintiffs have argued – is at the heart of both Defendants' Motion to Dismiss and Plaintiffs' Motion for Summary Judgment and must be resolved for the proper outcome of both motions. Moreover, the expert affidavits that Plaintiffs have submitted contain non-adjudicative facts that are relevant to only one of Plaintiffs' three arguments regarding heightened review and that this Court properly can and should consider in determining both Defendants' Rule 12(b)(6) motion and Plaintiffs' Motion for Summary Judgment.

Beyond Defendants' failure in logic, determining both motions concurrently actually advances the interest of judicial economy, a key factor in determining whether to grant a stay. Plaintiffs' arguments for heightened review in their Motion for Summary Judgment address the

exact same legal questions and rely upon the exact same expert affidavits as their Opposition to Defendants' Motion to Dismiss.  To delay would also impose further hardship on the Plaintiffs, who are being harmed every day that passes without the relief they seek.  Thus, this Court should deny Defendants' Motion to Stay Proceedings.

**ARGUMENT**

Defendants do not argue that Plaintiffs' Motion for Summary Judgment is untimely or improper.  See Fed. R. Civ. P. 56(a)(1) (motion by claiming party may be filed "at any time" more than 20 days after commencement of the action); Fed. R. Civ. P. 12(d) (motion to dismiss may be treated as motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court").  Nor do Defendants assert the existence of any disputed material facts or that, pursuant to Fed. R. Civ. P. 56(f), they need discovery before a summary judgment motion can properly be heard.

Instead, the crux of Defendants' argument for a stay is that "defendants' motion to dismiss and plaintiffs' motion for summary judgment propose to resolve th[e] ultimate issue [of whether DOMA violates the Equal Protection guarantee] in entirely different ways."  (Doc. 48 at 4).  In their view, Defendants have argued in their Motion to Dismiss that because of "First Circuit precedent," this Court "must therefore employ rational basis review" to Plaintiffs' constitutional claims without "reference to declarations or exhibits."  Id. at 1, 4.  Thus, according to Defendants, deciding the Motion to Dismiss first under rational basis review would save "significant time and resources for the Court and the parties" because it might never be necessary to "consider the evidence submitted by the plaintiffs," including the four expert affidavits, in support of heightened review.  Id. at 5.

Simply stating the Defendants' thought process reveals its fundamental flaw; it assumes that the Defendants somehow have a right, on their Motion to Dismiss, to an isolated assessment of their rational basis position such that this Court need not address the fundamental question of the proper Equal Protection standard of review.  To the contrary, in opposing Defendants' Motion to Dismiss, the Plaintiffs are in fact asserting three arguments in support of close or heightened review, only one of which relies on the four referenced expert affidavits.  (Plaintiffs also argue that, in any event, Section 3 of DOMA does not survive even rational basis review). Plaintiffs' two additional arguments why a heightened level of review is justified are based on concerns regarding federalism and unequal access to a protected liberty interest; these arguments would go unaddressed should this Court first decide Defendants' Motion to Dismiss solely under rational basis review.  (Doc. 28 at 12-22).  Plaintiffs have already called the question of heightened scrutiny in response to Defendants' Motion to Dismiss, and therefore Defendants have no logical basis for deferring Plaintiffs' Motion for Summary Judgment (and therefore the question of heightened scrutiny) to a later date.

Because the question of heightened scrutiny is essential to the proper resolution of Defendants' Motion to Dismiss, Plaintiffs submitted the expert affidavits in conjunction with both motions before the Court.  See Spivey v. Ohio, 999 F. Supp. 987, 991 (N.D. Ohio 1998) ("a court may go outside the pleadings when ruling on a motion to dismiss for failure to state a claim in determining whether a statute bears a rational relationship to a legitimate state purpose"). Those expert affidavits concern the question of whether legislative distinctions based on sexual orientation merit some form of heightened review.  Despite Defendants' claim that such an argument is foreclosed by First Circuit precedent, Plaintiffs have argued in their Opposition that

such authority does not directly address the question of the proper standard of review in this case. (Doc. 28 at 32).

The expert affidavits on this one argument do not merit a stay of Plaintiffs' Motion for Summary Judgment because they present "non-adjudicative," "legislative" or "constitutional" facts that relate to the Court's determination of questions of law, not fact. They are not subject to the rules of evidence and may be obtained from sources outside the record. See <u>Gebremichael v. INS</u>, 10 F.3d 28, 37 n.25 (1st Cir. 1993) ("Legislative facts are those which 'do not usually concern the immediate parties but are the general facts which help the tribunal decide questions of law and policy and discretion'"); <u>Mass. Medical Society v. Dukakis</u>, 637 F. Supp. 684, 689 (D. Mass. 1986) (non-adjudicative facts are "relevant to determining a generally applicable rule of decision"); <u>Varnum v. Brien</u>, 763 N.W.2d 862, 880-881 (Iowa 2009) (discussing legislative facts in the context of decision whether sexual orientation classification is subject to heightened scrutiny). Thus, even with a stay in hand, the Court should still properly consider these non-adjudicative facts because they are equally necessary and relevant to both motions.

In addition, the separate factors for a stay all counsel towards denying the requested stay. See <u>Good v. Altria Group, et al.</u>, 624 F. Supp. 2d 132, 134 (D. Me. 2009) (holding that a court should consider "potential prejudice to the non-moving party; hardship and inequity to the moving party without a stay; and judicial economy" in determining whether to grant a stay). As to judicial economy, the issues Defendants wish to postpone are as relevant to the Motion to Dismiss as to Plaintiffs' Motion for Summary Judgment. Thus, the stay requested by the Defendants would actually create duplicative work for the parties and this Court. Where, as here, no party disputes any material facts, once the proper standard of review is determined and applied, the Court is effectively hearing the case on the merits and is best served by being in the

position – after a single hearing – where it can enter a final judgment. Under Defendants' scenario, with only the Motion to Dismiss going forward, if the Court ultimately agrees with Plaintiffs' positions on the legal issues, it can only deny the Motion to Dismiss and return this litigation effectively to the starting gate. This approach simply invites an unnecessary and delayed duplicative proceeding for summary judgment at a later date. Accordingly, deciding the Motion to Dismiss and the Motion for Summary Judgment together actually serves the interest of judicial economy.[1]

As to hardship and equities, every day that passes represents further harm to Plaintiffs arising from Defendants' refusal to recognize their marriages. As detailed in the Joint Affidavit of Nancy Gill and Marcelle Letourneau, Plaintiff Letourneau has had to remain in the workforce after marriage rather than stay home with the couple's children. (Doc. 28 at ¶¶ 27-28). Likewise, Plaintiff Fitzgerald continues to work, despite severe asthma, because he would otherwise have no health insurance. (Doc. 30 at ¶ 6). Some plaintiffs have had to rearrange their finances to afford higher taxes or additional expenses because of DOMA. (Doc. 26 at Nos. 7, 17-18, 25, 31, 37, 43, and 48). Others have been denied Social Security benefits. Id. at Nos. 50-54, 55-58, and 59-64. "[I]f there is even a fair possibility that the stay … will work damage to someone else," the movant must "make out a clear case of hardship or inequity in being required to go forward." Landis v. North American Co., 299 U.S. 248, 255 (1936); see also Austin v. Unarco Industries, Inc., et al., 705 F.2d 1, 5 (1st Cir. 1983). Defendants have failed to do so. Given the palpable lack of benefit to the Court or the parties in Defendants' request for stay,

---

[1] Conversely, as noted above, if the Court were to ultimately agree with the Defendants that rational basis is the appropriate level of review, there would have been no unnecessary efforts by any party or the Court as the issue of the proper standard of review must be addressed in any event.

there is no reason why Plaintiffs should have to prolong the time during which they suffer injury because of DOMA.

Lastly, Defendants have elevated form over substance in arguing that Plaintiffs' Motion for Summary Judgment must be stayed because one of the claims asserted by one of the plaintiffs in this case against one of the defendants – Dean Hara's claim regarding the Federal Employees Health Benefits Program ("FEHB") – presents a jurisdictional issue for the Court.  Again, Defendants do not explain how the burden to the parties or the Court will be reduced by delaying the consideration of the arguments in Plaintiffs' motion until this single issue is decided. Plaintiffs' arguments in support of summary judgment as to Hara's FEHB claim are identical to their arguments in support of all of their other claims.  Defendants will not incur any additional burden in addressing Hara's FEHB claim that they could potentially avoid should the Court decide the jurisdictional issue in their favor.  Defendants' proffered justifications for delaying consideration of Plaintiffs' Motion for Summary Judgment are thus wholly without merit.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Stay Proceedings on Plaintiffs' Motion for Summary Judgment be denied.  Plaintiffs also request that this motion be resolved no later than December 30, 2009 so that ongoing briefing will comport with the dates set forth in the parties Stipulation (Docs. 23 & 46) and not be subject to additional delay.

Respectfully submitted,

/s/ Gary D. Buseck
_____
Gary D. Buseck

| | |
|---|---|
| GAY & LESBIAN ADVOCATES & DEFENDERS<br>Gary D. Buseck, BBO #067540<br>gbuseck@glad.org<br>Mary L. Bonauto, BBO #549967<br>mbonauto@glad.org<br>Nima R. Eshghi, BBO #633716<br>neshghi@glad.org<br>Janson Wu, BBO #609949<br>jwu@glad.org<br>Samuel P. Bickett (BBO# pending)<br>sbickett@glad.org<br>30 Winter Street, Suite 800<br>Boston, MA 02108<br>Telephone (617) 426-1350<br>Facsimile (617) 426-3594<br>*Attorneys for Plaintiffs* | FOLEY HOAG LLP<br>Claire Laporte, BBO #554979<br>claporte@foleyhoag.com<br>Vickie L. Henry, BBO #632367<br>vhenry@foleyhoag.com<br>Matthew Miller, BBO #655544<br>mmiller@foleyhoag.com<br>Amy Senier, BBO #672912<br>asenier@foleyhoag.com<br>Seaport World Trade Center West<br>155 Seaport Blvd.<br>Boston, MA 02210<br>Telephone (617) 832-1000<br>Facsimile (617) 832-7000<br>*Attorneys for Plaintiffs* |
| JENNER & BLOCK LLP<br>Paul M. Smith (pro hac vice)<br>psmith@jenner.com<br>Luke C. Platzer (of counsel)<br>lplatzer@jenner.com<br>Daniel I. Weiner (of counsel)<br>dweiner@jenner.com<br>Anna M. Baldwin (of counsel)<br>abaldwin@jenner.com<br>1099 New York Ave, NW, Suite 900<br>Washington, DC 20001<br>Telephone (202) 639-6060<br>Facsimile (202) 661-4948<br>*Attorneys for Plaintiffs* | SULLIVAN & WORCESTER LLP<br>David J. Nagle, BBO #638385<br>dnagle@sandw.com<br>Richard L. Jones, BBO #631273<br>rjones@sandw.com<br>One Post Office Square<br>Boston, MA 02109<br>Telephone (617) 338-2800<br>Facsimile (617) 338-2880<br>*Attorneys for Plaintiffs Mary Ritchie, Kathleen Bush, Melba Abreu, Beatrice Hernandez, Marlin Nabors, Jonathan Knight, Mary Bowe-Shulman, and Dorene Bowe-Shulman* |

DATED:  December 9, 2009

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 9, 2009.

/s/  Gary D. Buseck              .
Gary D. Buseck