UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NANCY GILL & MARCELLE LETOURNEAU, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:09-cv-10309 JLT |
| v. | ) ) ) | |
| OFFICE OF PERSONNEL MANAGEMENT, et al., | ) ) ) | Leave to file granted Dec. 18, 2009 |
| Defendants. | ) ) | |

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The defendants respectfully submit this reply memorandum in support of their motion to stay proceedings (Doc. 47) on plaintiffs' motion for summary judgment (Doc. 25) pending resolution of defendants' motion to dismiss (Doc. 20).

1. The threshold dispute between the parties, regarding the proper standard of review in this case, is whether First Circuit precedent requires this Court to apply rational basis review. See Cook v. Gates, 528 F.3d 42, 61-62 (1st Cir. 2008) (rejecting argument that sexual orientation is a suspect classification). Defendants' motion to dismiss argues that Cook is binding here and requires this Court to employ rational basis analysis; plaintiffs' motion for summary judgment argues that Cook is not binding, then proceeds to create a "record" for this Court to decide "whether sexual orientation is a suspect classification under the doctrinal factors that govern such an analysis" (Doc. 28 at 23). If the Court decides, on defendants' motion to dismiss, that First Circuit precedent is binding in this regard, consideration of plaintiffs' "record" will have been unnecessary.

2. Plaintiffs argue that their "expert affidavits" were submitted in relation to both their motion for summary judgment and defendants' motion to dismiss (Doc. 49 at 3), but those materials may be "excluded by the court" in considering defendants' motion. See Fed. R. Civ. P. 12(d); see also Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 18-19 (1st Cir. 1992) ("If the district court chooses to ignore the supplementary materials and determines the motion under the Rule 12(b)(6) standard, no conversion occurs.") (footnote omitted).  Where one party has submitted materials outside the pleadings to which the other party has not responded, the court may decline to consider those materials and proceed to decide the defendants' motion to dismiss.  See Dantone v. Bhaddi, 570 F. Supp. 2d 167, 169-70 (D. Mass. 2008).[1]

3. Plaintiffs argue that their "expert affidavits . . . relate to the Court's determination of questions of law, not fact" and that "no party disputes any material facts" (Doc. 49 at 4).  In fact, plaintiffs have submitted expert declarations totaling over 230 pages (including attachments) with over 220 paragraphs of factual assertions.  The very process of reviewing and analyzing all of these assertions to determine if they are disputed, in whole or in part, or require further development is itself a substantial undertaking that would prove entirely unnecessary if the Court concludes that it is bound by First Circuit precedent.

---

[1] Spivey v. Ohio, 999 F. Supp. 987 (N.D. Ohio 1998), cited in plaintiffs' opposition, does not support their cause (Doc. 49 at 3).  The court in Spivey noted that a court "may go outside the pleadings . . . on a motion to dismiss" in order to "hypothesize reasons for enacting a statute" as part of rational basis review.  Id. at 991 (emphasis added) (citing Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 936 (5th Cir.1988)).  The court then summarized certain publicly-known circumstances that may have led the state legislature to enact the challenged statute.  Id. at 992-93.  Spivey says nothing about considering materials outside the pleadings in determining whether a given classification is "suspect."

4.  Plaintiffs argue that they have asserted "three arguments in support of close or heightened review, [and that] only one of [those arguments] relies on the four . . . expert affidavits" (Doc. 49 at 3).  Defendants agree with this statement.  Thus, defendants intend to address plaintiffs' first two arguments regarding the standard of review in the reply in support of their motion to dismiss – that is, plaintiffs' arguments based on DOMA's alleged "intrusion into family law" and on "the fundamental interest in maintaining existing family relationships" (Doc. 28 at 12-22).  Staying proceedings on plaintiffs' motion for summary judgment would stay consideration of only those aspects of plaintiffs' arguments that depend on material outside the pleadings.

5.  Plaintiffs argue that staying their motion for summary judgment would "harm" them by delaying the resolution of this action (Doc. 49 at 5).  As shown above, however, this case may be resolved quickly on defendants' motion to dismiss, whereas adjudicating plaintiffs' motion for summary judgment would require a time-consuming examination of the substantial factual "record" that plaintiffs seek to introduce.  In any event, even if granting defendants' motion to stay were to delay the ultimate resolution of this action, any such delay would be very brief.  The risk of such a brief delay does not justify requiring defendants to undertake a burdensome and, in all likelihood, unnecessary assessment of plaintiffs' numerous factual contentions.

6.  Lastly, plaintiffs argue that efficiency would not be served by resolving this Court's jurisdiction over plaintiff Dean Hara's claim regarding the Federal Employees Health Benefits Program before addressing their motion for summary judgment (Doc. 49 at 6).  Plaintiffs ignore the fact, however, that the Court <u>must</u> resolve its jurisdiction before addressing that claim as part of plaintiffs' motion for summary judgment.  See <u>Lance v. Coffman</u>, 549 U.S. 437, 439 (2007)

("Federal courts must determine that they have jurisdiction before proceeding to the merits."). To the extent defendants' motion to dismiss raises a lack of jurisdiction, considerations of economy and efficiency are irrelevant.

      Accordingly, all proceedings on plaintiffs' motion for summary judgment should be stayed pending resolution of defendants' motion to dismiss.

      Dated this 18th day of December, 2009.

                                Respectfully submitted,

                                TONY WEST
                                Assistant Attorney General

                                MICHAEL K. LOUCKS
                                Acting United States Attorney

                                ARTHUR R. GOLDBERG
                                Assistant Director

                                /s/ W. Scott Simpson
                                _____

                                W. SCOTT SIMPSON
                                Senior Trial Counsel

                                Attorneys, Department of Justice
                                Civil Division, Room 7210
                                Post Office Box 883
                                Washington, D.C. 20044
                                Telephone:   (202) 514-3495
                                Facsimile:    (202) 616-8470
                                E-mail:        scott.simpson@usdoj.gov

                                COUNSEL FOR DEFENDANTS

Certificate of Service

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants, on December 18, 2009.

      /s/ W. Scott Simpson

      _____
      W. SCOTT SIMPSON