# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NANCY GILL & MARCELLE LETOURNEAU, et al. | ) ) ) |  |
| Plaintiffs, | ) ) | No. 1:09-cv-10309 JLT |
| v. | ) ) ) |  |
| OFFICE OF PERSONNEL MANAGEMENT, et al. | ) ) ) |  |
| Defendants. | ) ) |  |

PROPOSED AMENDED JUDGMENT

This action came on for a hearing before the Court on the Defendants' Motion to Dismiss [#20] and Plaintiffs' Motion for Summary Judgment [#25], and the issues having been duly heard and a Memorandum having been issued on July 8, 2010,

It is ORDERED AND ADJUDGED:

The Plaintiffs' Motion for Summary Judgment is ALLOWED and:

(1)  The rights of the Plaintiffs are declared as follows:

  (a)  Section 3 of the Defense of Marriage Act, 1 U.S.C. §7 ("DOMA"), is unconstitutional as applied to the Plaintiffs by the Defendants in the administration and application of (1) the Federal Employees Health Benefits Program ("FEHB"), (2) the Federal Employees Dental and Vision Insurance Program ("FEDVIP"), (3) the United States Postal Service Health Care Flexible Spending Account program ("Postal Service Health Care FSA"), (4) certain retirement and survivor benefit provisions of the Social Security Act, as set forth below, and (5) the Internal Revenue Code.

(b)     The Plaintiff Nancy Gill is entitled to review of her applications for enrollment of her spouse, Marcelle Letourneau, in the FEHB and the FEDVIP without regard to Section 3 of DOMA.

(c)     The Plaintiff Nancy Gill is entitled to obtain reimbursement under the Postal Service Health Care FSA for eligible medical expenses incurred by her spouse, Marcelle Letourneau, subject to the other relevant requirements of the program.

(d)     The Plaintiff Martin Koski is entitled to review of his application for enrollment of his spouse, James Fitzgerald, in the FEHB without regard to Section 3 of DOMA.

(e)     The Plaintiff Dean Hara is entitled to review of his application for the Social Security Lump-Sum Death Benefit without regard to Section 3 of DOMA.

(f)     The Plaintiff Jo Ann Whitehead is entitled to review of her application for Retirement Insurance Benefits based on the earning record of her spouse, Bette Jo Green, without regard to Section 3 of DOMA.

(g)     The Plaintiff Randell Lewis-Kendell is entitled to review of his application for the Social Security Lump-Sum Death Benefit without regard to Section 3 of DOMA.

(h)     The Plaintiff Herb Burtis is entitled to review of his applications for the Social Security Lump-Sum Death Benefit and for the Widower's Insurance Benefit without regard to Section 3 of DOMA.

(2)     The Defendant United States Postal Service and Defendant John E. Potter, in his official capacity as the Postmaster General of the United States, are permanently enjoined, ordered, and directed:

    (a)    to permit Plaintiff Nancy Gill to designate Plaintiff Marcelle Letourneau as her spouse in accordance with the requirements of the FEHB but without regard to Section 3 of DOMA; and

    (b)    to permit reimbursement to Plaintiff Nancy Gill under the Postal Service Health Care FSA for eligible medical expenses incurred by her spouse, Marcelle Letourneau.

(3)    The Defendant Office of Personnel Management ("OPM") is permanently enjoined, ordered, and directed:

    (a)    to review and process, without regard to Section 3 of DOMA, the request of Plaintiff Martin Koski dated October 5, 2007, to change his enrollment in the FEHB from "self only" to "self and family" so as to provide coverage for his spouse, Plaintiff James Fitzgerald;

    (b)    to refrain from interfering with or from declining to permit enrollment, on the basis of DOMA, of Marcelle Letourneau in the FEHB as the spouse of Plaintiff Nancy Gill; and

    (c)    to permit Plaintiff Nancy Gill to designate Plaintiff Marcelle Letourneau as an eligible family member in accordance with the requirements of the FEDVIP but without regard to Section 3 of DOMA.

(4)    The Defendant Michael J. Astrue, in his official capacity as the Commissioner of the Social Security Administration, is permanently enjoined, ordered, and directed:

    (a)    to review the Plaintiff Dean Hara's application for the Social Security Lump-Sum Death Benefit without regard to Section 3 of DOMA;

   (b) to review the Plaintiff Jo Ann Whitehead's application for the Retirement Insurance Benefits based on the earning record of her spouse, Plaintiff Bette Jo Green, without regard to Section 3 of DOMA;

   (c) to review the Plaintiff Randell Lewis-Kendell's application for the Social Security Lump-Sum Death Benefit without regard to Section 3 of DOMA; and

   (d) to review the Plaintiff Herb Burtis's application for the Social Security Lump-Sum Death Benefit and for the Widower's Insurance Benefit without regard to Section 3 of DOMA.

 (5) On Counts IV, V, VI, VII, and VIII of the Second Amended and Supplemental Complaint, the following amounts, plus statutory interest thereon at the rate provided by Section 6621 of the Internal Revenue Code (26 U.S.C.) to a date preceding issuance of the refund check by not more than 30 days, are awarded to the Plaintiffs Mary Ritchie and Kathleen Bush as against the United States of America:

   (a) For the taxable year ending December 31, 2004:  $1,054.

   (b) For the taxable year ending December 31, 2005:  $2,703.

   (c) For the taxable year ending December 31, 2006:  $4,390.

   (d) For the taxable year ending December 31, 2007:  $6,371.

   (e) For the taxable year ending December 31, 2008:  $4,548.

 (6) On Counts IX, X, XI, XII, and XIII of the Second Amended and Supplemental Complaint, the following amounts, plus statutory interest thereon at the rate provided by Section 6621 of the Internal Revenue Code (26 U.S.C.) to a date preceding issuance of the refund check by not more than 30 days, are awarded to the Plaintiffs Melba Abreu and Beatrice Hernandez as against the United States of America:

      (a)      For the taxable year ending December 31, 2004: $4,687.

      (b)      For the taxable year ending December 31, 2005: $3,785.

      (c)      For the taxable year ending December 31, 2006: $5,546.

      (d)      For the taxable year ending December 31, 2007: $5,697.

      (e)      For the taxable year ending December 31, 2008: $5,644.

(7)      On Counts XIV, XV, and XVI of the Second Amended and Supplemental Complaint, the following amounts, plus statutory interest thereon at the rate provided by Section 6621 of the Internal Revenue Code (26 U.S.C.) to a date preceding issuance of the refund check by not more than 30 days, are awarded to the Plaintiffs Marlin Nabors and Jonathan Knight as against the United States of America:

      (a)      For the taxable year ending December 31, 2006: $1,286.

      (b)      For the taxable year ending December 31, 2007: $1,234.

      (c)      For the taxable year ending December 31, 2008: $374.

(8)      On Count XVII of the Second Amended and Supplemental Complaint, the amount of $3,332 for the taxable year ending December 31, 2006, plus statutory interest thereon at the rate provided by Section 6621 of the Internal Revenue Code (26 U.S.C.) to a date preceding issuance of the refund check by not more than 30 days, is awarded to the Plaintiffs Mary Bowe-Shulman and Dorene Bowe-Shulman as against the United States of America.

(9)      Plaintiffs are awarded their costs.

The Defendants' Motion to Dismiss is ALLOWED IN PART and DENIED IN PART, being allowed solely on the Plaintiff Dean Hara's claim for enrollment in the FEHB Program as a matter of standing.

JUDGMENT FOR PLAINTIFFS AS TO COUNTS I-II, III (AS TO DEFENDANT ASTRUE ONLY WITH RESPECT TO THE SOCIAL SECURITY LUMP-SUM DEATH BENEFIT) AND IV-XX.

COUNT III (AS TO DEFENDANT OPM ONLY AND WITH RESPECT TO FEHB HEALTH INSURANCE) IS DISMISSED FOR LACK OF JURISDICTION.

The parties' concurrence in the form of this Amended Judgment is without prejudice to any appeal from the Amended Judgment or from any earlier rulings that gave rise to and/or produced the Amended Judgment, such as the Order and Memorandum of July 8, 2010 [#69, #70] and the original Judgment of August 12, 2010 [#71].

                                               Joseph L. Tauro
                                               United States District Judge

ENTERED: